1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SARAH KOWALSKI,

      Plaintiff,

  v.

FARELLA, BRAUN & MARTEL, LLP, et. al.,

      Defendants.

_____/

No. C-06-3341 MMC

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
ADJUDICATION ON THE STANDARD
OF REVIEW; VACATING HEARING**

(Docket No. 36)

      Before the Court is plaintiff's Motion for Summary Adjudication on the Standard of Review, filed June 22, 2007. Defendants have filed opposition to the motion; plaintiff has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the July 27, 2007 hearing, and rules as follows.

**BACKGROUND**

      On February 15, 2006, plaintiff appealed defendants' termination of her ERISA long-term disability benefits. (See Stamey Decl. Ex. 2 (Administrative Record ("AR")) at 1404.) To date, defendants have not issued a decision on plaintiff's appeal. (See White Decl. ¶ 2.)

**LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(b), (c).  Material facts are those that may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party."  See id.  The Court may not weigh the evidence.  See id. at 255.  Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor."  See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing Liberty Lobby, 477 U.S. at 255).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the nonmoving party will bear the burden of proof at trial, the moving party's burden is discharged when it shows the court there is an absence of evidence to support the nonmoving party's case.  See id. at 325.

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . .  must set forth specific facts showing that there is a genuine issue for trial."  See Fed. R. Civ. P. 56(e); see also Liberty Lobby, 477 U.S. at 250.  The opposing party need not show the issue will be resolved conclusively in its favor.  See Liberty Lobby, 477 U.S. at 248-49.  All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial.  See id.

**DISCUSSION**

Plaintiff moves for summary adjudication of the standard of review, arguing that defendants' failure to decide her appeal requires the Court to conduct a <u>de novo</u> review of defendants' termination of her disability benefits.

"[A] denial of benefits . . . is to be reviewed under a <u>de novo</u> standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989). "[I]f the plan <u>does</u> confer discretionary authority . . . then the standard of review shifts to abuse of discretion." <u>Abatie v. Alta Health Life Ins. Co.</u>, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). "[F]or a plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion standard, the plan must unambiguously provide discretion to the administrator." <u>See</u> <u>id</u>.

Here, however, the Court need not review the language of the plan, because regardless of whether the plan contains a grant of discretionary authority, the plan administrator, by failing to rule on plaintiff's appeal, failed to exercise any such authority.  A plan administrator "is entitled to deference only when the administrator exercises discretion that the plan grants." <u>See</u> <u>id</u>. at 971.  Courts "review de novo a claim for benefits when an administrator fails to exercise discretion." <u>See</u> <u>id</u>. at 972.  In short, "'[w]here a trustee fails to act or to exercise his or her discretion, de novo review is appropriate because the trustee has forfeited the privilege to apply his or her discretion.'" <u>See</u> <u>id</u>. (quoting <u>Gritzer v. CBS, Inc.</u>, 275 F.3d 292, 296 (3d Cir. 2002)).

The Court finds unpersuasive defendants' reliance on <u>Gatti v. Reliance Standard Life Ins. Co.</u>, 415 F.3d 978 (9th Cir. 2005) and <u>Moskowite v. Everen Capital Corp. Group Disability Income Plan</u> ("<u>Moskowite</u>"), 2005 U.S. Dist. LEXIS 20942 (N.D. Cal. Aug. 10, 2005), for the proposition that "'procedural violations of ERISA do not alter the standard of review.'" (<u>See</u> Opp. at 15:20-27 (quoting <u>Gatti</u>, 415 F.3d at 985).)  In both <u>Gatti</u> and <u>Moskowite</u>, the plan administrator issued a decision, albeit untimely, resolving the plaintiff's appeal.  <u>See</u> <u>Gatti</u>, 415 F.3d at 981; <u>Moskowite</u>, 2005 U.S. Dist. LEXIS 20942 at *19.  By

3

1  contrast, defendants here have never ruled on plaintiff's appeal.  Defendants cite no

2  authority holding abuse of discretion to be the appropriate standard where the plan

3  administrator fails entirely to issue a decision, and, as noted, Abatie holds to the contrary.

4  See Abatie v. Alta Health Life Ins. Co., 458 F.3d at 972.

5       Accordingly, the Court will grant plaintiff's motion for summary adjudication, and will

6  review de novo defendants' termination of plaintiff's disability benefits.

7                       **CONCLUSION**

8       For the reasons set forth above, plaintiff's Motion for Summary Adjudication on the

9  Standard of Review is hereby GRANTED, and the Court will review de novo defendants'

10  termination of plaintiff's disability benefits.

11       This order terminates Docket No. 36.

12       **IT IS SO ORDERED.**

13  Dated: July 23, 2007

                                     MAXINE M. CHESNEY
14                                       United States District Judge