IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH KOWALSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>FARELLA, BRAUN & MARTEL, LLP, et al.,<br><br>    Defendants.<br>_____/ | No. C-06-3341 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS** |

      Before the Court is plaintiff's "Motion for Award of Attorneys' Fees and Non-Taxable Costs," filed January 6, 2009. Defendants have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

**BACKGROUND**

      In this action under the Employment Retirement Income Security Act ("ERISA"), the Court, on December 23, 2008, granted in part and denied in part plaintiff's motion for judgment on the administrative record and denied defendants' motion for summary judgment. (See Order filed Dec. 23, 2008 at 24.) To the extent plaintiff claimed "Total Disability" benefits, i.e., benefits for the period from October 25, 2004 through January 23, 2005, the Court granted plaintiff's motion (see id.), and to the extent plaintiff claimed "Residual Disability" benefits, i.e., benefits for the period from January 24, 2005 to the present, the Court denied plaintiff's motion and remanded her claim to the claims administrator "for determination of plaintiff's eligibility for such benefits under the Plan's 'any

occupation' provisions" (see id. at 25). Subsequently, plaintiff filed the instant motion, by which she seeks an award of attorney's fees in the amount of $138,700 and $3,752.81 in non-taxable costs.

**DISCUSSION**

**A.     Award of Attorneys' Fees and Costs**

In an ERISA action to recover unpaid disability benefits, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." See 29 U.S.C. § 1132(g)(1); see also Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1982) (listing factors to be considered in determining whether to award attorney's fee under § 1132(g)). The Ninth Circuit has held that "[t]his section should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." See Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotations and citations omitted). "As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Id. at 589 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Here, defendants do not dispute that "[p]laintiff is entitled to a reasonable attorneys fee award." (See Opp'n at 9:13-14.) Accordingly, the Court need only determine the amount of such award.

**B.     Amount of Award of Attorney's Fees**

In determining the amount of attorney's fees to be awarded under § 1132(g), the district court first "must determine a 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." See D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990). The district court then may increase or decrease the lodestar amount based on certain factors that are not subsumed within the initial calculation of the lodestar. See id. "Such upward or downward

adjustments are the exception rather than the rule since the lodestar amount is presumed to constitute a reasonable fee."[1]  Id.  Here, neither party seeks an adjustment to the lodestar figure on the basis of any such factor.[2]

In determining the lodestar figure, the district court should exclude hours that were not reasonably expended.  See id. at 1384.  Once the number of hours is set, the district court must "determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees."  See id.  The determination of a reasonable rate "is not made by reference to rates actually charged," but by reference to "the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience and reputation."  See id. (internal quotation and citation omitted).

### 1.  Total Hours

Here, plaintiff seeks attorney's fees for 282 hours spent on the instant litigation from May 17, 2006 through June 30, 2008 by plaintiff's counsel, Geoffrey V. White ("White"), plus an additional 10 hours spent by White in preparing the instant motion, for a total of 292 hours.  (See White Decl. ¶ 9.)  Defendants, as set forth below, challenge the reasonableness of the number of hours expended by White.

#### a.  Administrative Phase

Defendants argue that plaintiff "is not entitled to recover[ ] for fees incurred during the administrative phase" of the litigation.  (See Opp'n at 7:9-13.)  In response, plaintiff

---

[1] Defendants' argument that application of the factors set forth in Hummell, 634 F.2d at 453, "mandates a significant reduction in the claimed attorneys fee award" (see Opp'n at 4:20-21) is unavailing.  The Ninth Circuit has held that "Hummell does not apply to the determination of the amount of attorney's fees."  See D'Emanuele, 904 F.2d at 1382 (emphasis in original).  Rather, "[t]he factors set forth in Hummell guide the district court in determining whether any attorney's fees should be granted."  See id. (emphasis in original).  As noted, defendants do not assert that plaintiff is entitled to no attorney's fee in the instant action.

[2] Although, as discussed infra, defendants argue that the award herein should be reduced to account for plaintiff's lack of success on her claims for heightened prejudgment interest and Residual Disability benefits, the Ninth Circuit has held that examination of the "results obtained" is "among the factors that are ordinarily subsumed in the lodestar."  See Cunningham v. County of Los Angeles, 879 F.2d 481, 488 (9th Cir. 1988) (internal quotations and citations omitted).  "Thus, in ordinary cases, a plaintiff's 'degree of success' or the 'results obtained' should be adequately accounted for in the lodestar."  Id.

3

asserts that work performed prior to the filing of the complaint, which work comprises 5.1 of the claimed hours (see White Decl. Ex. 2 at unnumbered 1),[3] "involved discussions and negotiations with [d]efendants' attorneys in an effort to resolve the issue without Court involvement" (see Reply at 4:12-13). The Ninth Circuit, however, has construed § 1132(g) "as limiting the award to fees incurred in litigation in court." See Cann v. Carpenters' Pension Trust Fund of N. Cal., 989 F.2d 313, 316 (9th Cir. 1993). Accordingly, the Court will eliminate 5.1 hours from the total number of hours to be included in the lodestar calculation.

### b. Review of Claim File

Defendants argue that the time spent by White reviewing the claim file was "unnecessary and duplicative" (see Opp'n at 7:19-20) and "clearly excessive" (see id. at 8:2). In support of such argument, defendants assert that White "spent over 66 hours reviewing the claim file–literally 1/4 of the total billing on the file." (See id. at 8:1-2.) In response, plaintiff argues that defendants' calculation overstates the amount of time spent on such review because many of the time entries counted by defendants include tasks other than review of the claim file. For example, on August 17, 2006, White spent 2.8 hours, in total, on the following tasks: "Preparation of CMC statement; Preparation of Disclosure; Revision of same; Telephone conference with Defendant attorney; Review of Claim File re Benefits." (See White Decl. Ex. 2 at unnumbered 4.) It is not clear how many of the above-referenced 2.8 hours were spent reviewing the claim file. Under such circumstances, the record does not support a finding that White expended "over 66 hours" on such review.

Assuming, arguendo, however, that White did spend over 66 hours reviewing the claim file in the instant action, such time was reasonably expended. As plaintiff notes, the administrative record in the action comprised almost 2000 pages. Careful review of that

---

[3]As plaintiff points out, she does not seek fees for 1.6 hours of work done during April 2006. (See Mot. at 8:2 (requesting fees for 282 hours expended "during litigation"); White Decl. Ex. 2 (listing 283.9 hours worked from April 4, 2006 through June 30, 2008, of which 1.6 hours were worked during April 2006).)

4

1 record was necessary not only in connection with the preparation of the parties' respective
2 motions for summary judgment and judgment on the merits, but also in connection with
3 defendants' motion for summary judgment regarding exhaustion of administrative remedies
4 and plaintiff's motion for summary adjudication of the standard of review.

Accordingly, the total number of hours will not be reduced by any amount of time spent on review of the claim file.[4]

### c. Preparation of Motion for Attorney's Fees

Defendants argue that the 10 hours White spent preparing the instant motion should be excluded. As plaintiff points out, however, "the time expended in preparing a motion for fees in ERISA cases should be compensated." See D'Emanuele, 904 F.2d at 1387. Accordingly, the total number of hours will not be reduced by any amount of time spent preparing the instant motion.

### d. Unsuccessful Claims

Defendants argue that the number of hours to be included in the calculation of the lodestar figure should be reduced substantially to account for the limited success achieved by plaintiff. In particular, defendants assert that plaintiff should not be awarded attorney's fees for any time spent on legal research concerning prejudgment interest, and that plaintiff "should not recover attorneys' fees for the time spent pursuing the claim that she lost: her claim for residual benefits to the present." (See Opp'n at 6:21-22.)

When a plaintiff seeking attorney's fees achieves only partial success, the court "must consider (1) whether the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded, and (2) whether the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." See Dang v. Cross, 422 F.3d 800, 812-13 (9th Cir. 2005) (internal quotation and citation omitted; alteration in original). If the successful and unsuccessful claims are unrelated, i.e., if they are "distinctly different both legally and factually," see id. at 813

---

[4] Such finding is made without reference to the level of success achieved by plaintiff, which issue is discussed infra.

5

1 (internal quotation and citation omitted), any hours "expended on the unsuccessful claims
2 should not be included in the fee award," see id. "If, however, the unsuccessful and
3 successful claims are related, then the court must apply the second part of the analysis, in
4 which the court evaluates the significance of the overall relief obtained by the plaintiff in
5 relation to the hours reasonably expended on the litigation." Id. (internal quotation and
6 citation omitted).

### i.     Prejudgment Interest

8 As defendants point out, plaintiff was unsuccessful on her request for heightened
9 prejudgment interest. Such request was legally and factually distinct from plaintiff's claims
10 for disability benefits, and, consequently, plaintiff may not recover attorney's fees for any
11 time spent pursuing such request. Defendants assert that 5.9 hours were so expended.
12 The hours to which defendants point, however, were not devoted solely to the issue of
13 prejudgment interest. Rather, the hours were recorded as follows: on September 8, 2007,
14 4.1 hours for "Drafting Brief; Legal research Prejudgment Interest," and, on September 13,
15 2007, 1.8 hours for "Legal research Interest; Preparation of Notice; Revision of Brief." (See
16 White Decl. Ex. 2 at unnumbered 13.) Plaintiff, however, has not attempted to explain how
17 much of the time at issue was spent on legal research concerning pre-judgment interest, as
18 opposed to the other tasks listed in the above-referenced time entries. Given the combined
19 listing of those tasks, and because the Court cannot determine from either the nature of the
20 tasks themselves or the documents ultimately filed whether the task of drafting and revising
21 the above-referenced brief consumed a greater, lesser, or equal amount of time as
22 compared with the task of researching the issue of prejudgment interest, the Court will
23 exclude roughly half the time at issue, or 3 hours, from the total number of hours to be
24 included in the calculation of the lodestar figure. See Sorensen v. Mink, 239 F.3d 1140,
25 1146 (9th Cir. 2001) (holding "[w]here the documentation of hours is inadequate, the district
26 court may reduce the award accordingly") (internal quotation and citation omitted).
27 //
28 //

### ii. Claim for Residual Disability Benefits

As noted, defendants argue that plaintiff "should not recover attorneys' fees for the time spent pursuing the claim that she lost: her claim for residual benefits to the present." (See Opp'n at 6:21-22.)

The Court first considers whether plaintiff was successful on her claim for Residual Disability benefits, which claim, as noted, was remanded to the claims administrator. (See Order filed Dec. 23, 2008 at 25.) Plaintiff contends the Court's order remanding such claim constituted a "significant alteration of the legal relationship between the parties" and thus "justif[ies] an interim fee award." (See Mot. at 7:1-4.) Further, plaintiff argues, an award of attorney's fees in an ERISA case need not be "proportional" to the monetary recovery obtained by the plaintiff. (See Reply at 3:8.)

In support of her argument, plaintiff relies on White v. Jacobs Eng'g Group Long Term Disability Benefit Plan, 896 F.2d 344 (9th Cir. 1990), Caplan v. CNA Finan. Group, 573 F. Supp. 2d 1244 (N.D. Cal. 2008), Mardirossian v. Guardian Life Ins. Co., 457 F. Supp. 2d 1038 (C.D. Cal. 2006), and Frei v. Hartford Life Ins. Co., No. C-05-1191 EDL, 2006 WL 1409360 (N.D. Cal. May 23, 2006). Those cases, however, are distinguishable. In particular, in three of the cases, with respect to the claim that was remanded, the court made a finding that the defendant had violated ERISA. See White, 896 F.2d at 349 (finding "benefits termination notice" failed to meet "the statutory and regulatory requirements of specificity"); Mardirossian, 457 F. Supp. 2d at 1043 (noting "the court has expressly found that [defendant] violated ERISA"); Frei, 2006 WL 1409360, at *3 (noting "[p]laintiff did show that [d]efendant violated ERISA"). Here, by contrast, with respect to plaintiff's claim for Residual Disability benefits, the Court found there was "inadequate medical and vocational evidence in the record to support a finding on such issue." (See Order filed Dec. 23, 2008 at 23.) Although the district court in Caplan likewise made no finding as to the remanded claim, the record as described therein does not reflect whether the issue of plaintiff's lack of success on such claim was raised by any party as a bar to a fee award, and, indeed, the Ninth Circuit has held a fee award to be "inappropriate" where "there has been no

1  determination yet that [the defendant] violated ERISA," see Flanagan v. Inland Empire
2  Elec. Workers Pension Plan & Trust, 3 F.3d 1246, 1253-54 (9th Cir. 1993); see also
3  Mardirossian, 457 F. Supp. 2d at 1043 (distinguishing Flanagan on ground court in
4  Mardirossian had found ERISA violation).

5        Accordingly, the Court finds plaintiff was not successful on her claim for Residual
6  Disability benefits.

7        The Court next considers the amount by which the total number of hours to be
8  included in the lodestar calculation should be reduced to account for plaintiff's lack of
9  success. Defendants do not attempt to identify the number of hours expended by White on
10 plaintiff's claim for Residual Disability benefits; rather, defendants assert, White's billing
11 records "do not breakdown the time spent on this claim" and, consequently, "it is
12 appropriate and reasonable for the Court to make a pro rata reduction of the total hours
13 billed." (See Opp'n at 6:23-27.) The Court agrees. In particular, because White's billing
14 records do not distinguish between the time spent on each of plaintiff's two claims for
15 disability benefits, the Court cannot identify specific hours to be excluded. Moreover,
16 plaintiff's claims were "related," in that they involved both a "common core of facts,"
17 specifically, a single administrative record, and "related legal theories," specifically, that
18 defendants improperly denied plaintiff benefits. See Dang, 422 F.3d at 813 (holding
19 "claims are related . . . if they involve a common core of facts or are based on related legal
20 theories") (internal quotation and citation omitted). Consequently, the Court must "evaluate
21 the significance of the overall relief obtained by [ ] plaintiff in relation to the hours
22 reasonably expended on the litigation." See id. (internal quotation and citation omitted);
23 see also Greater L.A. Council on Deafness v. Cmty. Television of So. Cal., 813 F.2d 217,
24 222 (9th Cir. 1987) (holding, in reducing fee award for limited success, court must
25 "compare the significance of the overall relief obtained to all the claims and remedies
26 pursued in the litigation") (internal quotation and citation omitted).

27       Defendants propose a 94% reduction of the award sought by plaintiff, for the reason
28 that, according to defendants, plaintiff "received an award of 6% of what she sought," or "3

months of benefits against a claim for 50 months." (See Opp'n at 6:28-7:1.) Defendants argue, essentially, that the relief obtained by plaintiff should be compared to the time that elapsed between the date on which plaintiff's benefits were terminated by the claims administrator and the date on which the Court issued its Order on plaintiff's motion for judgment and defendants' motion for summary judgment. A reduction in the amount proposed by defendants, however, would be unreasonable, as it would penalize plaintiff for the length of time during which the instant action was pending. Moreover, as set forth below, defendants' proposed comparison fails to properly account for the significance of each of plaintiff's claims.

With respect to the monetary value of such claims, the Court acknowledges that plaintiff's claim for Residual Disability benefits was considerably more significant than her claim for Total Disability benefits, in that the latter claim sought benefits for a finite, and brief, period of time, whereas the former claim sought benefits essentially for the foreseeable future. Further, even when measured as of the time of the filing of the initial complaint, i.e., as of May 22, 2006, plaintiff's claim for Total Disability benefits sought compensation for only three months, specifically, the period from October 25, 2004 to January 23, 2005, whereas plaintiff's claim for Residual Disability benefits sought compensation for a period of roughly 16 months, specifically, the period from January 23, 2005 until May 22, 2006. Consequently, even using a fixed period of time for purposes of measuring plaintiff's claim for Residual Disability benefits, plaintiff achieved an award representing less than 3/19, or approximately 15%, of the monetary damages she sought up to the filing date of her complaint.[5] This figure represents a starting point for the Court's analysis of an appropriate reduction in the award of attorney's fees sought by plaintiff and suggests a decrease of roughly 85% in the total number of hours to be included in the lodestar calculation. See McCown v. City of Fontana, 565 F.3d 1097, 1104 (9th Cir. 2009)

---

[5]The Court notes that if the Court, in lieu of the above-referenced 16-month Residual Disability period, were to use for comparison purposes a Residual Disability period equal to the remainder of plaintiff's expected working life, the resulting percentage, while difficult to predict, would of necessity be substantially lower.

9

<s>(holding, "in judging the plaintiff's level of success and the reasonableness of hours spent achieving that success, a district court should give primary consideration to the amount of damages awarded as compared to the amount sought") (internal quotation and citation omitted).</s>

On the other hand, focusing solely on the monetary value of plaintiff's respective claims understates the significance of plaintiff's claim for Total Disability benefits. See id. at 1105 (noting "results may not be measured solely in terms of damages"); see also Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 311 (3d Cir. 2008) (rejecting "a proportionality rule for attorney's fees awarded under ERISA"). In particular, plaintiff's success on such claim allowed her to pursue a claim for Residual Disability benefits before the plan administrator, and indeed, in plaintiff's submissions to the Court in connection with her motion for judgment, plaintiff devoted a significantly larger part of her discussion to her claim for Total Disability benefits than to her claim for Residual Disability benefits. (See Pl.'s Mot., filed Sept. 21, 2007, at 24-28); see also Coyne v. Reliance Standard Life Ins. Co., No. CV 02-965 JFW (CTx), 2003 U.S. Dist. LEXIS 26696, at *19 (C.D. Cal. Sept. 24, 2003) (discussing number of pages devoted to successful and unsuccessful claims, respectively, where attorney's billing records were "not detailed enough" to allow court to determine number of hours spent on each claim). Consequently, the Court will decrease plaintiff's award of attorney's fees by less than 85%.

In light of the considerations discussed above, the Court finds a reduction by 175.2 hours, or 60% of the 292 hours plaintiff originally sought, is appropriate herein.

### e.  Conclusion as to Total Hours

For the reasons stated above, the Court finds 108.7 hours were reasonably expended in litigating the instant action and preparing the instant motion.[6]

//

---

[6] As discussed above, the Court has eliminated 5.1 hours for work done prior to the filing of the complaint, 3 hours for time spent on plaintiff's request for heightened prejudgment interest, and 175.2 hours to account for plaintiff's lack of success on her claim for Residual Disability benefits.

### 2. Hourly Rate

As noted, the determination of a reasonable hourly rate is made by reference to "the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience and reputation." See D'Emanuele, 904 F.2d at 1384. Here, plaintiff seeks an award at the rate of $475 per hour. In support of such rate, White, in his declaration, cites to Fleming v. Kemper Nat'l Servs., Inc., 373 F. Supp. 2d 1000 (N.D. Cal. 2005), and Caplan, 573 F. Supp. 2d at 1244. In Fleming, an attorney with offices in Oakland, California and with experience described by White as "substantially equivalent" to his own (see White Decl. ¶ 10), was awarded attorney's fees at the rate of $450 per hour in 2005, see Fleming, 373 F. Supp. 2d at 1012; in Caplan, the same attorney was awarded attorney's fees at the rate of $575 per hour in 2008, see Caplan, 573 F. Supp. 2d at 1250. In each such case, the district court, in determining the hourly rate, relied on declarations attesting that such rate was within the range reflecting the applicable market rate. See Fleming, 373 F. Supp. 2d at 1012; Caplan, 573 F. Supp. 2d at 1249.

This Court may rely on the above-referenced evidence submitted by plaintiff in determining a reasonable hourly rate. See United Steelworkers of Am. v. Retirement Income Plan for Hourly-Rated Employees of ASARCO, Inc., 512 F.3d 555, 564-65 (9th Cir. 2008) ("ASARCO") (affirming district court's determination of reasonable hourly rate where district court relied on finding in prior case as to "the customary fee charged by ERISA plaintiff's attorneys in Arizona" and declaration of plaintiff's counsel as to counsel's typical rate) (internal quotation and citation omitted); United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").[7]

---

[7] Although plaintiff has not submitted a declaration of any attorney other than White, there is no requirement that such a declaration be provided in every case. See, e.g., ASARCO, 512 F.3d at 564-65.

Plaintiff has also submitted evidence of White's professional background. In particular, White states he has over 33 years of experience on ERISA matters (see White Decl. ¶¶ 3-5), that from 1991 to the present, he has represented "approximately 55 individual participants against labor-management trust funds and corporate retirement and medical plans" (see id. ¶ 4), and that "[a]pproximately 28 of those cases involved litigation to obtain long-term disability benefits, as in the present action" (see id.).

By contrast, defendants have failed to present any evidence concerning the reasonableness of the rate sought by plaintiff. Instead, defendants argue that White "is actually charging [p]laintiff . . . $275 per hour," and, consequently, the Court should award a rate "modestly in excess" of such figure (see Opp'n at 6:7-14.) Defendants' argument is unavailing. First, as noted, the determination of a reasonable rate "is not made by reference to rates actually charged," but by reference to "the prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience and reputation." See D'Emanuele, 904 F.2d at 1384. Further, White states, and plaintiff does not dispute, that the $275-per-hour figure that appears on White's billing statements "was assigned for internal accounting purposes only" and that, during the period from 2005 to 2007, White's hourly rate on ERISA matters "ranged between $350/hr. to $450/hr." (See White Decl. ¶¶ 9-10.) In 2008, White's rate increased to $475 per hour. (See id. ¶ 10.)

Accordingly, the Court finds a rate of $475 per hour is reasonable.[8]

### 3. Conclusion as to Lodestar Figure

The product of the number of hours reasonably expended (108.7) and the hourly rate ($475 per hour) results in a lodestar figure of $51,632.50.

//
//

---

[8] Where, as here, there is a "lengthy delay in receiving payment," a district court may award fees "at an attorney's current rate" to compensate for such delay. See Bell v. Clackamas County, 341 F.3d 858, 868 (9th Cir. 2003); see also Burgess v. Premier Corp., 727 F.2d 826, 841 (9th Cir. 1984) (approving use of current hourly rates, rather than "historical" hourly rates, to compensate "for inflation and loss of use of funds" during pendency of litigation).

**C.    Award of Non-Taxable Costs**

Non-taxable costs are included as part of an award of attorney's fees if it is "'the prevailing practice in a given community' for lawyers to bill those costs separately from their hourly rates." See Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258 (9th Cir. 2006) (quoting Missouri v. Jenkins, 491 U.S. 274, 287 (1989)).  Here, plaintiff seeks an award of $3,752.81 in non-taxable costs.  Specifically, plaintiff requests $32.57 for postage, $320.20 for photocopies, $1904.64 for computerized research fees, $1400 for mediation fees, and $95.40 for "Express mail/ messenger fees." (See White Decl. at 6:7-11.)  Plaintiff has failed to submit any evidence, however, as to the relevant "community" or the billing practices of lawyers in any such community with respect to the above-referenced costs.

Accordingly, plaintiff has failed to demonstrate she is entitled to an award of non-taxable costs.

**CONCLUSION**

For the reasons stated above, plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs is hereby GRANTED in part and DENIED in part, as follows.

1. To the extent plaintiff seeks an award of attorney's fees, plaintiff's motion is hereby GRANTED in the amount of $51,632.50.

2. In all other respects, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  August 27, 2009

_____
MAXINE M. CHESNEY
United States District Judge