United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH KOWALSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>FARELLA, BRAUN & MARTEL, LLP, et al.,<br><br>    Defendants.<br>_____/ | No. C-06-3341 MMC<br><br>**ORDER VACATING HEARING AND DISMISSING FOR LACK OF JURISDICTION PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AFTER REMAND** |

    Before the Court is plaintiff Sarah Kowalski's ("Plaintiff") Motion for Award of Attorneys Fees After Remand, filed December 29, 2009. Defendants Paul Revere Life Insurance Company, Farella, Braun & Martel, LLP, and Farella, Braun & Martel Long-Term Disability Plan have filed a joint opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, and VACATES the hearing scheduled for February 5, 2010 and rules as follows.

    On August 27, 2009 the Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs. (See Order filed Aug. 27, 2009.) On September 1, 2009, plaintiff filed an appeal of said Order. (See Notice of Appeal filed Sept. 1, 2009.) As of the date of the instant order, plaintiff's appeal remains pending before the Ninth Circuit.

1     "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Although, as plaintiff points out, a petition for attorneys fees ordinarily is considered "collateral to" the decision on the merits, see Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (1988), and consequently, for purposes of jurisdiction pending appeal, may be determined separately therefrom, the cases on which plaintiff relies are distinguishable, see id.; see also Graham v. Hartford Life & Accident Ins. Co., 501 F.3d 1153, 1163 n.11 (10th Cir. 2007), where, as here, the order from which the appeal is taken is the very order petitioner seeks to augment. See Griggs, 459 U.S. at 58.

    Accordingly, the motion is hereby denied for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: February 4, 2007                  MAXINE M. CHESNEY
                                              United States District Judge